JUDGE SCHEINDLIN    10 CV 2463

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
:
MEDISIM LTD                          :
:
            Plaintiff,               :      Case No.   
:
      v.                             :
:
BESTMED, LLC                         :      COMPLAINT
:      AND DEMAND FOR
            Defendant.               :      JURY TRIAL
:
---------------------------------------x

## COMPLAINT

Plaintiff Medisim LTD ("Medisim"), by its attorneys Day Pitney LLP for their complaint against Defendant BestMed, LLC ("BestMed") alleges upon knowledge with respect to its own acts, and upon information and belief as to other matters as follows:

### THE PARTIES

1. Plaintiff Medisim is a company duly organized and existing under the laws of Israel, and maintains its principal place of business at G.G Communication Center, Neve Ilan 90850, Israel.

2. Defendant BestMed is a limited liability company duly organized and existing under the laws of the State of Colorado, and maintains its principal place of business at 331 Corporate Circle, Suite E, Golden, CO 80401.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121. Plaintiff's federal law claims are predicated upon the U.S. Patent Act, as amended, 35 U.S.C. § 271 *et seq.*, concerning patent infringement; the Lanham Act, as amended,

15 U.S.C. § 1125 *et seq.*, relating to false advertising and false designations of origin; and the Copyright Act 17 U.S.C. § 101 *et seq.*, concerning copyright infringement.

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for substantial and related claims brought under the statutory and common law of the State of New York.

5. This Court has *in personam* jurisdiction over BestMed because BestMed conducts continuous, systematic, and routine business within this judicial district and/or because BestMed has committed tortious acts in this district.

6. Venue is founded on 28 U.S.C. § 1391(b) and (c).

## ALLEGATIONS COMMON TO ALL COUNTS

7. Medisim LTD was founded in 1995 by a group of professionals in the fields of physics, engineering, and medicine.

8. Medisim is the sole assignee and owner of United States Patent No. 7,597,668 titled "NON-INVASIVE TEMPERATURE MEASUREMENT", issued to Moshe Yarden on Oct. 6, 2009 ("the '668 Patent"). A true and correct copy of the '668 Patent is attached as Exhibit A.

9. In or about November of 2004, BestMed and Medisim entered into a distributor contract by which they agreed that BestMed would be the sole distributor for Medisim in the United States and Canada for certain products to be developed by Medisim. Under this agreement, BestMed ultimately distributed thermometers that practice some or all of the claims of the '668 Patent.

10. During the time that BestMed distributed Medisim's digital, conductive forehead thermometer within the United States, BestMed had access to confidential and/or proprietary information belonging to Medisim including instructions for using products, and technical know-how relating to proprietary processes including construction, calibration, and testing of products.

11. While the parties were operating under the distributor agreement, unbeknownst to Medisim, BestMed began discussions with a Taiwan-based company K-Jump Health Co., LTD.

("K-Jump") to replace the Medisim digital, conductive forehead thermometer with a thermometer that was substantially similar in operation and technology, to be manufactured in China. Upon information and belief, BestMed directed K-Jump to manufacture a digital, conductive forehead thermometer in China having equivalent technical specifications as Medisim's digital, conductive forehead thermometer, which BestMed planned to distribute in the United States in place of the Medisim product.

12. The digital, conductive forehead thermometer that BestMed collaborated with K-Jump to manufacture included, under BestMed's direction, Medisim's intellectual property. BestMed purchases this "Infringing Thermometer" from K-Jump, imports it into the United States, and sells and/or offers it for sale.

13. BestMed terminated the distributor agreement with Medisim in 2009, choosing instead to purchase from K-Jump, import into the United States, and sell the Infringing Thermometer manufactured in China.

14. After the termination of the distributor agreement, Medisim began to sell a digital, conductive forehead thermometer practicing some or all of the claims of its '668 Patent. Upon offering the product for sale to certain retail customers, however, Medisim was advised that BestMed currently sells the same product and that Medisim would not be considered for its replacement. This product, BestMed's Infringing Thermometer, practices some or all of the claims of the '668 Patent and is not licensed or authorized by Medisim in any way. Although Medisim sells its patent-protected digital, conductive forehead thermometer on its own, BestMed, through its systematic and willful acts of copying Medisim's product technology and design, and trading on Medisim's good will, has unfairly foreclosed Medisim from selling its product to many of the customers that previously bought its products and now purchase BestMed's Infringing Thermometer.

15. Medisim's digital, conductive forehead thermometer contains several features that enhance the functionality of the product and are added to the product only because of Medisim's know-how and extensive research and development efforts. These features were embodied in the thermometer that BestMed distributed for Medisim under the distributor agreement and are now embodied in BestMed's Infringing Thermometer.

16. The Infringing Thermometer that physically appears substantially similar to Medisim's digital, conductive forehead thermometer and includes functional and performance characteristics substantially similar to those Medisim's digital, conductive forehead thermometer. As yet another example of its bad faith conduct, BestMed calls the Infringing Thermometer a "Digital Temple Thermometer," the same name used for the Medisim product that it had distributed.

17. BestMed sells its Infringing Thermometer to multiple retail customers including the CVS drug store chain. The Infringing Thermometer sold to CVS has Stock Keeping Unit ("SKU") number 050428075739, which is the same SKU number under which BestMed sold to CVS Medisim's digital, conductive forehead thermometer under the distributor agreement that terminated in 2009.

18. The Infringing Thermometer received FDA 510(k) clearance on June 21, 2007 under 510(k) number K070491112.

19. FDA 510(k) number K070491112 contains a summary identifying Medisim's "Up-grade Forehead Thermometer" as a predicate device and refers to Medisim's 510(k) submission K#032362 for that product.

20. FDA 510(k) number K070491112 for the Infringing Thermometer summary contains a section titled "Substantial Equivalence", which states:

> The device is ***substantially equivalent*** to Up-grade Forehead Thermometer, K#032362 [sic]. The device is [sic] share the same intended use an [sic] indication for use with the exception of small differences in their temperature measurement

ranges, minimum operational temperature and humidity, minimum storage temperature and humidity, both devices are ***technologically identical***.

(emphasis added).

21. Medisim's digital, conductive forehead thermometer is preloaded with, and executes, registered, copyrighted software that results in the product producing various audible and visual messages as set forth below to inform the user that the product is working properly or that an error has occurred in operation:

| Type | Description of message | Indication |
|---|---|---|
| Audible | 1 "beep" every second for 5 seconds | An error has occurred in operation |
| Visual | "HI" | The measured temperature is above 107.6° F (42° C) |
| Visual | "Er. 1" | The thermometer is too cold or too hot to operate |
| Visual | "Er. 2" | Temperature did not register because of poor contact, patient movement or poor placement |
| Visual | "Er. 3" | Unit malfunctioned |

22. The Infringing Thermometer also executes software that enables it to produce audible and visual messages <u>identical</u> to those of Medisim's digital, conductive forehead thermometer.

23. The Infringing Thermometer sold to CVS states:

> The New CVS/pharmacy® Digital Temple thermometer accurately measures body heat using Rapid, Accurate, State of the Art Technology. Sensor A rapidly tracks the heat flow generated from blood vessels B to the skin surface C and converts measurement to body temperature.

**COUNT I – PATENT INFRINGMENT**
**of United States Patent No. 7,597,668 (the '668 Patent)**
(35 U.S.C. § 271, *et seq.*)

24. Medisim repeats, repleads, and realleges paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. BestMed has infringed, and continues to infringe, one or more claims of the '668 patent by importing into the United States, selling, and/or offering for sale digital conductive thermometers. Some of the infringing conduct has taken place in this judicial district.

26. BestMed has actively induced the infringement of, and/or contributed to the infringement of, one or more claims of the '668 Patent in violation of 35 U.S.C. §§ 271(b) and (c).

27. BestMed's infringement of the '668 Patent is willful.

28. BestMed's infringement of the '668 Patent has and will continue to cause substantial and irreparable injury for which Medisim is entitled to receive preliminary and permanent injunctive relief, and damages pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

29. BestMed will continue to infringe unless enjoined by this Court.

## COUNT II – COPYRIGHT INFRINGEMENT
(17 U.S.C. § 101 *et. seq.*)

30. Medisim repeats, repleads, and realleges paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Medisim is the author of instructions for the use of a digital thermometer registered under United States Copyright Registration No. TX0007008851, entitled "Instruction for Use DTT Digital Temple Thermometer" and is the sole owner registrant and owner of that copyright ("Medisim's Copyright").

32. BestMed had access to the instruction document protected by Medisim's Copyright.

33. BestMed includes with its Infringing Thermometer a document titled "Instruction for Use DTT Digital Temple Thermometer."

34. The BestMed instruction document is virtually identical with that of Medisim and was copied, without authorization from Medisim. (A copy of the instruction document for the

Medisim product distributed by BestMed is attached hereto as Exhibit B, and a copy of the BestMed instruction document for the Infringing Thermometer is attached hereto as Exhibit C).

35. By its actions described above, BestMed has infringed and will continue to infringe Medisim's Copyright by, *inter alia*, distributing its Infringing Thermometers containing instructions for use copied from Medisim, which are substantially similar to and derived from Medisim's Copyright, without any authorization or other permission from Medisim.

36. BestMed's infringement of Medisim's Copyright is deliberate, willful, and in disregard of Medisim's Copyright.

37. Medisim is entitled to a prelimnary and permanent injunction restraining BestMed, its agents and employees, and all persons acting in concert or participation with it, from engaging in any further violation of the Copyright Act.

38. Medisim is further entitled to recover from BestMed, damages, including attorneys' fees, it has sustained and will continue to sustain if BestMed's infringement continues, and any gains, profits, and advantages obtained by BestMed as a result of its infringing acts.

### COUNT III – UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN
(15 U.S.C. § 1125(a), Lanham Act §43(a))

39. Medisim repeats, repleads, and realleges paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. BestMed is passing off its Infringing Thermometer as the digital, conductive forehead thermometer that it once sold under agreement with Medisim and is competing unfairly with Medisim by foreclosing it from selling its patented, digital, conductive forehead thermometer to certain retail customers. BestMed's conduct has caused ongoing injury to Medisim, preventing it from leveraging its own intellectual property and good will and unjustly benefitting BestMed.

41. Through BestMed's actions, including but not limited to: selling its Infringing Thermometer to CVS under the same SKU that it sold Medisim's digital, conductive forehead thermometer; using Medisim's know-how and technical research and development to gain an unfair position in the market; and passing off its Infringing Thermometer as Medisim's digital, conductive forehead thermometer, packaging the Infringing Thermometer is substantially the same packaging as the Medisim digital conductive forehead thermometer. BestMed knowingly and intentionally is misrepresenting, and falsely designating the affiliation, connection, association, origin, source, endorsement, sponsorship, and approval of its Infringing Thermometer.

42. BestMed has falsely designated the origin of its Infringing Thermometers, and has competed unfairly with Medisim in violation of 15 U.S.C. § 1125(a).

43. BestMed's acts of false designation of origin and unfair competition have been done willfully and deliberately.

44. BestMed intends to continue its wrongful, willful acts unless restrained by this Court.

45. BestMed's violations of 15 U.S.C. § 1125(a) entitle Medisim to recover damages, including but not limited to BestMed's profits from the sale of all infringing thermometers, actual damages, treble damages, litigation costs, and attorney's fees. BestMed's acts have damaged and will continue to damage Medisim that will continue to suffer, immediate and irreparable harm.

### COUNT IV – FALSE ADVERTISING
(15 U.S.C. § 1125(a)(1), Lanham Act §43(a)(1))

46. Medisim repeats, repleads, and realleges paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. Upon information and belief, BestMed has made statements that are literally false and misleading, including and without limitation:

> The New CVS/pharmacy® Digital Temple thermometer accurately measures body heat using Rapid, Accurate, State of the Art Technology. Sensor A rapidly tracks the heat flow generated from blood vessels B to the skin surface C and converts measurement to body temperature.

Such statements, even if literally true, are likely to deceive or confuse consumers.

48. Upon information and belief, BestMed, has made statements that are literally false and misleading representations regarding inherent and/or material qualities of its Infringing Thermometer.

49. BestMed's actions described above constitute false advertising in violation of 15 U.S.C. § 1125(a)(1).

50. As a direct and proximate result BestMed's false advertising, Medisim has suffered and continues to suffer irreparable injury.

51. As a direct and proximate result of BestMed's false advertising, Medisim has suffered and continues to suffer damages.

## COUNT V – FALSE ADVERTISING
(New York General Business Law § 350)

52. Medisim repeats, repleads, and realleges paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. Upon information and belief, BestMed, on its packaging of the Infringing Thermometer, makes statements that misleading in a material respect and constitute false advertising in violation of New York General Business Law § 350.

54. Upon information and belief, consumers have relied on BestMed's false advertising.

55. Upon information and belief, BestMed will continue its acts of false advertising, and consumers and Medisim will continue to be damaged as a result, unless enjoined by this Court.

## COUNT VI – DECEPTIVE ACTS AND PRACTICES
(New York General Business Law § 349)

56. Medisim repeats, repleads, and realleges paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57. BestMed, without Medisim's authorization or consent, and having knowledge of Medisim's intellectual property rights, has distributed, advertised, offered for sale, and/or sold its Infringing Thermometer to the consuming public in violation of New York General Business Law §349.

58. BestMed's use of simulations and infringing versions of Medisim's intellectual property, is likely to cause and is causing confusion, mistake, and deception as to the origin of BestMed's infringing thermometers, and is likely to deceive, mislead, and confuse as to where BestMed's infringing thermometers originate from, are associated with, or are otherwise authorized.

59. BestMed's deceptive acts and practices involve public sales activities of a recurring nature.

60. BestMed's acts have caused and continue to cause Medisim irreparable harm unless enjoined by this Court.

## COUNT VII – UNFAIR COMPETITION
(New York common law)

61. Medisim repeats, repleads, and realleges paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. BestMed's actions constitute unfair competition in violation of the common law of the State of New York.

63. As a direct and proximate result of the wrongful conduct of BestMed, Medisim has suffered and continues to suffer irreparable injury.

64. As a direct and proximate result of the wrongful conduct of BestMed, Medisim has suffered and continues to suffer damages.

### COUNT VIII – UNJUST ENRICHMENT
(New York common law)

65. Medisim repeats, repleads, and realleges paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66. By its wrongful actions, BestMed has been unjustly enriched at Medisim's expense.

67. It is inequitable and against good conscience to permit BestMed to retain the benefits derived from its wrongful conduct.

68. As a direct and proximate result of the wrongful conduct of BestMed, Medisim has suffered and continues to suffer irreparable injury.

69. As a direct and proximate result of the wrongful conduct of BestMed, BestMed has been unjustly enriched and Medisim has suffered and continues to suffer damages.

### COUNT IX – ACCOUNTING
(New York common law)

70. Medisim repeats, repleads, and realleges paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. As a direct and proximate result of BestMed's conduct, Medisim is entitled to recover all proceeds and other compensation received or to be received by BestMed arising from its conduct. Medisim respectfully requests the Court to order BestMed to render an accounting to ascertain the amount of such profits and compensation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Medisim prays that this Court enter judgment against Defendant BestMed on all counts as follows:

(A) A judgment that BestMed: (1) has infringed directly and/or indirectly by contributorily infringed and induced the infringement of one or more claims of the '668 Patent in violation of 35 U.S.C. § 271, *et seq.* and that such infringement has been willful; (2) has infringed Medisim's Copyright in violation of 17 U.S.C. § 501(a); (3) has committed acts of false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); (4) has use false and misleading claims in advertising in violation of 15 U.S.C. § 1125(a) and New York General Business Law § 350; (5) has committed deceptive acts and practices in violation of New York General Business Law § 349; and (6) has committed acts of unfair competition, and has been unjustly enriched in violation of New York common law;

(B) Ordering an accounting and disgorgement of all revenues and profits realized by BestMed from the aforesaid acts;

(C) An order awarding such damages as Medisim shall establish in consequence of BestMed's aforesaid acts, including the ordering of an award pursuant to 35 U.S.C. § 284, awarding Medisim damage adequate to compensate Medisim for BestMed's infringement of the '668 Patent in an amount to be determined at trial, but in no event less than a reasonable royalty;

(D) An order, pursuant to 35 U.S.C. § 284, and based on BestMed's willful infringement of the '668 Patent, trebling all damages awarded to Medisim for such infringement;

(E) An order, pursuant to 35 U.S.C. § 284, awarding to Medisim interest on the damages and its costs incurred in this action;

(F) An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Medisim its reasonable attorneys' fees incurred in this action;

(G) An order awarding punitive damages on the common law claims in an amount to be determined by the trier of fact for BestMed's willful and deliberate violation;

(H) An order requiring BestMed to deliver for destruction all advertisements, prints, labels, packaging, products, or promotional materials in its possession or within its custody or control, that bear any violation of Medisim's rights;

(I) An order granting a permanent injunction restraining BestMed, its officers, directors, agents, employees, servants, attorneys, successors, assigns, and other controlling, controlled by, or affiliated with BestMed:

    (i) From continuing to infringe upon Medisim's Copyright;

    (ii) From continuing to infringe the '668 Patent;

    (iii) From otherwise competing unfairly with Medisim; and

    (iv) From continuing to use false and misleading claims in advertising;

(J) Awarding Medisim its reasonable attorneys' fees; and

(K) Granting such other relief as this Court may deem just and proper.

Dated: March 17, 2010
      New York, NY

Respectfully submitted,

By: _____
Richard H. Brown (RB5858)
Keith J. McWha (KM6296)
DAY PITNEY LLP
7 Times Square
New York, NY 10036
Tel.: (212) 297-5800
Fax: (212) 916-2940
kmcwha@daypitney.com

*Of Counsel:*

Elizabeth A. Alquist
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut  06103-1212
Tel.: (860) 275-0100
Fax: (860) 275-0343
eaalquist@daypitney.com


**Attorneys for Plaintiff Medisim LTD**