UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

MEDISIM LTD,

        Plaintiff,

- against -

BESTMED LLC,

        Defendant.

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/10

OPINION AND ORDER

10 Civ. 2463 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION:

Defendant BestMed brings this motion pursuant to 28 U.S.C. § 1404(a) for transfer of venue to the District of Colorado. For the reasons discussed below, the motion is denied.

## II. BACKGROUND

Medisim, an Israeli company, filed this lawsuit on March 7, 2010 against BestMed, a Colorado limited liability company.[1] Medisim's federal claims are for patent and copyright infringement, and unfair competition and false

---

[1] See Complaint ("Compl.") ¶¶ 1, 2.

1

advertising under the Lanham Act.[2] Medisim also brings parallel claims under the New York General Business Law and New York common law.[3]

According to the Complaint, Medisim and BestMed entered into a distributor contract in 2004.[4] Pursuant to this agreement, BestMed became the sole distributor in the United States and Canada of thermometers that utilize certain patented technologies that Medisim developed.[5] In 2009, BestMed terminated the distributor agreement with Medisim, instead choosing to purchase and import thermometers from a Taiwanese company called K-Jump.[6] Medisim alleges that these thermometers ("accused product") incorporate Medisim's intellectual property without license or authorization, and that BestMed directed K-Jump to manufacture the accused product in China using equivalent technical specifications as Medisim's product.[7] BestMed now moves pursuant to 28 U.S.C.

---

[2]     *See id.* ¶ 3.

[3]     *See id.* ¶ 4.

[4]     *See id.* ¶ 9.

[5]     *See id.* ¶¶ 8, 9.

[6]     *See id.* ¶¶ 11, 13.

[7]     *See id.*

§ 1404(a) for venue to be transferred to the District of Colorado.[8]

### III. LEGAL STANDARD

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[9] This statute has superseded the common-law doctrine of forum non conveniens, which is now appropriately used only in "cases where the alternative forum is abroad."[10]

In order to transfer a civil action under section 1404(a), the moving party must satisfy two requirements. *First*, the transferee court must be able to exercise jurisdiction over the parties and must be an appropriate venue for the action. *Second*, the balance of convenience and justice must favor transfer.[11] Although the first requirement is straightforward, the second requirement "'is essentially an equitable task' left to the Court's discretion."[12]

---

[8] *See* Defendant's Memorandum in Support of Motion to Transfer Venue ("Def. Mem.") at 1.

[9] 28 U.S.C. § 1404(a) (2006).

[10] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996) (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n. 2 (1994)). *Accord Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc).

[11] *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).

[12] *Citigroup, Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d

> Some of the factors a district court is to consider are, inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.[13]

Additional factors considered "include (1) the forum's familiarity with governing law . . . (2) the interest of justice, based on the totality of the circumstances."[14] When conducting this balancing test, the court enjoys "broad discretion" and decides based on "notions of convenience and fairness on a case-by-case basis."[15] The movant bears the burden of showing that transfer is warranted.[16]

Not all of the above factors merit equal weight. When plaintiff does not reside in and the operative facts bear little connection to the forum district,

---

76, 80 (2d Cir. 1989)).

[13] *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (quotations omitted). Accord *Iragorri*, 274 F.3d at 73-74 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

[14] *TouchTunes Music Corp. v. Rowe Intern. Corp.*, 676 F. Supp. 2d 169, 173 (S.D.N.Y. 2009) (quotations omitted).

[15] *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org.*, 487 U.S. at 29).

[16] See *Iragorri*, 274 F.3d at 71 (citing *Gulf Oil*, 330 U.S. at 508).

plaintiff's choice is shown less deference.[17] Greater deference to plaintiff's choice of a non-resident forum is appropriate, however, where that choice was "motivated by legitimate reasons, including plaintiff's convenience and the ability of [plaintiff] to obtain jurisdiction over the defendant."[18]

The convenience of witnesses is the most important factor in deciding whether to transfer an action.[19] The location of documents, on the other hand, is "not a compelling consideration when records are easily portable."[20] For the

---

[17] *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

[18] *Iragorri*, 274 F.3d at 72.

[19] *See Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989). *See also* 17 James Wm. Moore et al., *Moore's Federal Practice* § 111.13[1][f][i] (3d ed. 2005). *But see Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000) ("where the movant has an extensive nationwide network, the scale tilts slightly in favor of the nonmovant"); *TSE v. Ventana Med. Sys., Inc.*, No. 97-37-SLR, 1997 WL 811566, at *6 (D. Del. Nov. 25, 1997) ("For a company engaged in business throughout the United States, the claim that litigation away from the most convenient forum is burdensome is somewhat suspect."); *Rubinstein v. Skyteller, Inc.*, 48 F. Supp. 2d 315, 325 (S.D.N.Y. 1999) (quoting *Purcell Graham, Inc. v. National Bank of Detroit*, No. 93 Civ. 8786, 1994 WL 584550, at *5 (S.D.N.Y. Oct. 24, 1994) ("Although convenience to the parties and party witnesses is important, the 'availability of process to require non-party witnesses to testify is the most compelling consideration.'")).

[20] *KPMG Consulting, Inc. v. LSQ II, LLC*, No. 01 Civ. 11422, 2002 WL 1543907, at *4 (S.D.N.Y. July 12, 2002) (internal quotations omitted). *Accord Coker v. Bank of Am.*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997) ("In today's era of photocopying, fax machines and Federal Express, the location of documents factor is neutral.") (internal quotations omitted).

5

purpose of determining the locus of operative facts, a court may make reasonable assumptions regarding the location of events if they are not clearly specified in the complaint.[21] Finally, American courts cannot compel unwilling foreign witnesses to testify.[22]

## IV DISCUSSION

The parties dispute many facts of some relevance to this motion.[23] However, careful consideration of the needs of both parties and their witnesses indicates that even if all disputes over jurisdictional facts were resolved in favor of BestMed, the motion to transfer venue would still be denied. As an initial matter, I note that the parties do not dispute that venue is proper in this District, and would also be proper in the District of Colorado.[24] Thus the only question to be

---

[21] See *Alonso v. Saudi Arabian Airlines Corp.*, No. 98 Civ. 7781, 1999 WL 244102, at *7 (S.D.N.Y. Apr. 23, 1999).

[22] See *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 30 (2d Cir. 2002).

[23] For instance, Medisim claims that BestMed has "several of its large distributors . . . located in New York." Plaintiff's Memorandum in Opposition of Motion to Transfer Venue ("Pl. Mem.") at 4. Medisim identifies these distributors, AmericaRx, ABC Wholesales, Dennis Levin, and Levin Mosler Sales, as potential non-party witnesses. See Pl. Mem. at 10 n.3. BestMed, however, denies that any of these were ever distributors or customers of BestMed. See Defendant's Reply Memorandum in Support of Motion to Transfer Venue ("Def. Reply.") at 4.

[24] See Pl. Mem. at 6; Def. Reply at 1.

analyzed is whether the interests of convenience and justice are served by transfer.

## A. Plaintiff's Choice of Forum

In general, a court should not disturb a plaintiff's choice of forum "unless the balance of the factors weighs strongly in favor of transfer."[25] Where, as here, the forum selected by the plaintiff is not where it resides,

> the degree of deference given to plaintiff's choice of a non-home forum depends on the motivations behind that choice. A court must give greater deference to a plaintiff's choice of a non-home forum where that choice was motivated by legitimate reasons, including plaintiff's convenience and the ability of [plaintiff] to obtain jurisdiction over the defendant. Courts should give diminishing deference to a plaintiff's choice of a non-home forum to the extent that it was motivated by tactical advantage, such as forum shopping.[26]

There is no evidence in this record that Medisim chose a New York forum to gain tactical advantage. On the contrary, Medisim has given legitimate reasons for its choice of forum.[27] Medisim regularly conducts business in New York, and this District is most convenient for Medisim's witnesses who must

---

[25] *Caville v. Malibu Toys, Inc.*, No. 03 Civ. 9727, 2004 WL 1516799, at *2 (S.D.N.Y. Jul. 7, 2004).

[26] *Id.* (quotations omitted). Contrary to Defendant's argument, although plaintiff's ability to obtain jurisdiction over the defendant is a sufficient legitimate reason for selection of a forum, it is not a necessary one. *See* Def. Reply at 2.

[27] *See* Pl. Mem. at 7.

7

travel from Israel during this litigation.[28] Thus Medisim's choice of forum should be accorded significant deference.

### B. Convenience of Witnesses

"The convenience of both party and nonparty witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted."[29] Even setting aside the disputed non-party witnesses, BestMed has not demonstrated sufficient inconvenience to witnesses to justify transfer. *First*, "to succeed on a transfer motion, the moving party must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover."[30] BestMed has not made this showing. *Second*, BestMed does not dispute that it distributes the accused product through certain retail pharmacies with stores in New York, namely CVS and RiteAid.[31] CVS is headquartered in Rhode Island, and Rite Aid in Pennsylvania.[32] Though both companies are outside this District and the reach of compulsory process, traveling

---

[28] *See id.*

[29] *Aerotel*, 100 F. Supp. 2d at 197.

[30] *Id.*

[31] *See* Def. Reply at 4-5. Instead, BestMed contests Medisim's characterization of the *volume* of sales that occurred in New York. Resolution of this issue of fact would not change the disposition of this motion.

[32] *See* Pl. Mem. at 10 n.3; Def. Reply at 5.

to New York would be far more convenient than Colorado should employees of these companies become witnesses in this litigation. While "courts have accorded less significance to the inconvenience of witnesses who reside outside both the current and transferee forums,"[33] the convenience of witnesses lends some support for Medisim's choice of forum.

### C. Location of Documents and Relative Ease of Access to Sources of Proof

Most documents relevant to this litigation are presumably located in Israel, Colorado and China. While the fact that the "decision making body" of BestMed is in Colorado[34] indicates that many relevant documents will be found there, "[i]n today's era of photocopying, fax machines, and Federal Express, the location of the documents is not a significant factor in the convenience analysis."[35] Further, as this litigation concerns a handheld thermometer, BestMed's argument that it "is in possession of physical evidence (e.g., the accused device) which would have to be transported at additional expense and effort" is entirely unconvincing.[36] BestMed has not indicated what other physical evidence it

---

[33]  *Caville*, 2004 WL 1516799, at *3.

[34]  *See* Pl. Mem. at 4.

[35]  *TouchTunes*, 676 F. Supp. 2d at 174 (quotations omitted).

[36]  Def. Reply at 8.

9

possesses, if any, and it seems no great hardship to transport a small thermometer from Colorado. Moreover, any physical, non-documentary evidence concerning the manufacture of the accused device seems most likely to be found in China. This factor is neutral for the purposes of this motion.

### D. The Convenience of Parties

Litigating in Colorado would undoubtedly be more convenient for BestMed. BestMed is also correct that Medisim's employees will have to incur costs in traveling from Israel to the United States regardless of forum, while BestMed would incur these costs only if the action remains in this District.[37] However, I cannot conclude that traveling to Colorado would be an entirely negligible inconvenience for Medisim, whose employees regularly do business in New York.[38] There is the possibility that the appearances of Medisim employees in this litigation could be combined with business trips if this action remains in this District.[39] Moreover, it is uncontested that there are no direct flights from Israel to Colorado.[40] Consequently, the convenience of the parties weighs evenly

---

[37] *See id.* at 6.

[38] *See* Declaration of Moshe Yarden in Opposition to Motion to Transfer Venue ("Yarden Decl."), ¶ 5.

[39] *See Caville*, 2004 WL 1516799, at *3.

[40] *See* Yarden Decl. ¶ 6.

in favor of both parties.

### E. The Locus of Operative Facts

"In an action for patent infringement, the transferee forum is the locus of operative facts if the design, development, and some of the marketing of the product allegedly infringing plaintiff's patent occurred in the transferee forum and the designers, developers, and marketers live and work in that forum."[41] BestMed's "decision-making body" is located in Colorado.[42] Presumably any marketing decisions by BestMed would have been made in Colorado, and the marketers themselves would live and work there. It does not necessarily follow from the location of BestMed's "decision-making body" that the accused product was designed in Colorado, as opposed to China. But even assuming it was designed in Colorado, it is undisputed that all development and manufacture took place in China.

Moreover, Medisim makes allegations of unfair competition and false advertising in addition to its patent and copyright infringement claims.[43] "In actions alleging . . . unfair competition, courts in this district have held the locus

---

[41] *Touchtunes*, 676 F. Supp. 2d at 175.

[42] Def. Mem. at 4.

[43] *See* Compl. ¶¶ 39-51.

11

of operative facts to be in the initially chosen forum if acts of infringement, dilution, or unfair competition occur in that forum."[44]  Thus, while Colorado is one locus of operative facts, both China and this District are as well.  Therefore, this factor does not favor either party.

### F. The Availability of Process to Compel the Attendance of Unwilling Witnesses

Though Medisim alleges that several non-party witnesses are subject to subpoena in this District, BestMed vigorously denies ever doing business with these individuals and companies.  Other potential non-party witnesses, such as CVS and Rite-Aid, are in nearby states but not subject to process.  Even were this disputed fact issue decided in its favor, BestMed would still fail to meet its burden.  Indeed, BestMed has not indicated that it intends to call any non-party witnesses subject to process in Colorado.  Therefore, I treat this factor as neutral for the purposes of this motion.

### G. The Relative Means of the Parties

This factor is neutral, as the parties do not dispute that they are both small companies of relatively equal means.[45]

---

[44] *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 549 (S.D.N.Y. 2008) (quotations omitted).

[45] *See* Pl. Mem. at 14; Def. Mem. at 4.

### H.    Forum's Familiarity With Governing Law and the Interest of Justice

"Patent law is federal law and any district court may handle a patent case with equal skill."[46] This factor is therefore neutral. Similarly, the interests of justice also do not favor either party. Colorado has an interest in rendering a judgment relating to BestMed, which is organized under Colorado law. Because BestMed admittedly distributes products sold in New York in CVS and Rite Aid pharmacies, New York also has an interest in adjudicating this controversy.

### I.    Summary of Venue Issues

Though the issue is relatively close, BestMed has failed to make a strong showing that transfer is warranted based on either convenience or the interests of justice. Medisim's legitimate choice of forum should be afforded significant deference, and the convenience of witnesses is better served in this District. The convenience of the parties themselves is evenly balanced, and all other factors are neutral or not in controversy.

## V.    CONCLUSION

For the foregoing reasons, defendant's motion to transfer venue is denied. The Clerk of Court is directed to close this motion [Document #9]. A

---

[46] *Wechsler v. Macke Int'l Trade, Inc.*, No. 99 Civ. 5725, 1999 WL 1261251, at *9 (S.D.N.Y. Dec. 27, 1999).

conference is scheduled for July 20 at 4:30 pm.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: July 7, 2010
New York, New York

## - Appearances -

**For Plaintiff:**

Richard H. Brown , III, Esq.
Day Pitney, L.L.P.
7 Times Square
New York, NY 10036
(212) 297-5800

Elizabeth A. Alquist, Esq.
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
(860) 275-0100

Keith McWha, Esq.
Day Pitney LLP
7 Times Square
New York, NY 10036
(212) 938-8215

**For Defendant:**

Nicholas Lazaros Coch, Esq.
Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9118

Talivaldis Cepuritis, Esq.
Olson & Cepuritis Ltd
20 North Wacker Drive, 36th Floor
Chicago, IL 60606
(312) 580-1180