UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDISIM, LTD., <br><br> Plaintiff, <br><br> v. <br><br> BESTMED LLC, <br><br> Defendant. | **JOINT PRETRIAL ORDER** <br><br> 10-CV-2463(SAS) |

**Scheindlin, District Judge**:

Having conferred among themselves and with the Court pursuant to Rule 16, Fed.R.Civ.P., the parties adopt the following statements, directions and agreements as the Pretrial Order:

1. <u>TRIAL COUNSEL</u>:

<u>Counsel for Plaintiff Medisim, Ltd. ("Medisim").</u>:

Keith J. McWha
Gerald Levy
McCARTER & ENGLISH, LLP
245 Park Avenue, 27th Floor
New York, New York 10167
(212) 609 - 6800

Scott S. Christie (*admitted pro hac vice*)
Mark H. Anania (*pro hac vice admission pending*)
Matthew A. Sklar
Elina Slavin
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622 – 4444

- 1 -

Counsel for Defendant BestMed LLC ("BestMed"):

Talivaldis Cepuritis
Joseph M. Kuo
Brian R. Michalek
OLSON & CEPURITIS, LTD.
20 N. Wacker Dr., 36th Floor
Chicago, Illinois 60606
(312) 580-1180

2.  NATURE OF ACTION AND JURISDICTION/VENUE:

The Plaintiff in this case is Medisim, Ltd. and the Defendant in this case is BestMed, LLC. This action concerns whether BestMed is liable for infringement of Medisim's intellectual property rights and various violations of New York State law as a result of BestMed's sale of a conductive thermometer that Medisim alleges to be covered by U.S. Patent No. 7,597,668.

This Court has resolved various claims during summary judgment. With regard to the remaining claims, Plaintiff's patent infringement claims are predicated upon the U.S. Patent Act, as amended, 35 U.S.C. § 271 *et seq.*, and Plaintiff's copyright infringement claims are based on the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff has also alleged that Defendant's actions constitute unfair competition in violation of the common law of the State of New York and that Defendant has been unjustly enriched at Medisim's expense in violation of the common law of the State of New York. Plaintiff also seeks an accounting based on New York common law. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Plaintiff's claims that relate to New York law under 28 U.S.C. § 1367. This venue is an appropriate forum for Plaintiff's claims pursuant to 28 U.S.C. §§ 1391(b) and (c).

BestMed counterclaims for declaratory judgment that: (1) Defendant's actions do not constitute infringement of any claim of the '668 Patent; and (2) the asserted claims of the '668

Patent are invalid for several reasons. This Court has subject matter over the counterclaims under 28 U.S.C. ¶2201, and Plaintiff, by initiating this matter, has submitted to this Court's personal jurisdiction and venue.

There is no dispute concerning jurisdiction or venue.

3. JURY/NON-JURY:

This matter will be tried before a jury.

4. AMENDMENTS/DISMISSALS:

Plaintiff voluntarily dismisses its demand for statutory damages and attorneys' fees arising from Defendant's alleged copyright infringement.

Defendant voluntarily dismisses its false patent marking counterclaims, Counts III and IV.

5. UNDISPUTED FACTS:

A stipulation of undisputed facts is attached as **Exhibit A**. Medisim makes no concession as to the materiality or relevance of those facts.

6. CONTENTIONS OF THE PARTIES:

Plaintiff Medisim makes the following contentions:

a. Defendant BestMed has directly infringed, and continues to directly infringe claims 1, 8-12, 15, 19 and 36 of U.S. Patent No. 7,597,668 ("the '668 patent").

b. Defendant BestMed has actively induced the infringement of claims 1, 8-12, 15, 19, 21, 27, 32, and 35-37 of the '668 patent.

c. Defendant BestMed has contributed to the infringement of claims 21, 27, 32, 35, and 37 of the '668 patent.

d. Defendant BestMed's infringement of the claims of the '668 patent was and is willful.

e. Defendant BestMed has infringed and continues to infringe Plaintiff Medisim's copyrighted materials, *i.e.*, instructions for the use of a digital thermometer registered under United States Copyright Registration No. TX0007008851.

f. Defendant BestMed's actions constitute unfair competition in violation of the common law of the State of New York.

g. By its wrongful actions, pursuant to New York law, Defendant BestMed has been unjustly enriched at Medisim's expense.

h. Plaintiff Medisim is entitled to recover all proceeds and other compensation received or to be received by Defendant BestMed arising from its conduct and Plaintiff Medisim requests the Court to order BestMed to render an accounting to ascertain the amount of such profits and compensation.

i. Plaintiff Medisim seeks an order awarding such damages as Medisim shall establish in consequence of BestMed's acts, including the ordering of an award pursuant to 35 U.S.C. § 284, awarding Medisim damage adequate to compensate Medisim for BestMed's infringement of the '668 Patent in an amount to be determined at trial, but in no event less than a reasonable royalty.

j. An order, pursuant to 35 U.S.C. § 284, and based on BestMed's willful infringement of the '668 Patent, trebling all damages awarded to Medisim for such infringement.

k. An order, pursuant to 35 U.S.C. § 284, awarding to Medisim interest on the damages and its costs incurred in this action.

l. An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Medisim its reasonable attorneys' fees incurred in this action.

m. An order awarding punitive damages on the common law claims in an amount to be determined by the trier of fact for BestMed's willful and deliberate violation.

n. An order requiring BestMed to deliver for destruction all advertisements, prints, labels, packaging, products, or promotional materials in its possession or within its custody or control, that embody or constitute any violation of Medisim's rights.

o. An order granting a permanent injunction restraining BestMed, its officers, directors, agents, employees, servants, attorneys, successors, assigns, and other controlling, controlled by, or affiliated with BestMed:

   a. From continuing to infringe upon Medisim's Copyright;

   b. From continuing to infringe the '668 Patent; and

   c. From otherwise competing unfairly with Medisim; and

q. An order granting such other relief as this Court may deem just and proper.

ME1 14656561v.1

Plaintiff sought relief on the following additional contentions, and the Court dismissed the claims concerning these contentions during summary judgment. Accordingly, Plaintiff will not seek relief at trial concerning the following contentions:

    a. Defendant BestMed has falsely designated the origin of its Infringing Thermometers, and has competed unfairly with Plaintiff Medisim in violation of 15 U.S.C. § 1125(a).

    b. Defendant BestMed has engaged in false advertising in violation of 15 U.S.C. § 1125(a)(I).

    c. Defendant BestMed has made and continues to make statements that constitute false advertising in violation of New York General Business Law § 350.

    d. Defendant BestMed has distributed, advertised, offered for sale, and/or sold its Infringing Thermometer to the consuming public in violation of New York General Business Law §349.

Defendant BestMed makes the following contentions:

    a. No asserted claim of Plaintiff Medisim's U.S. Patent No. 7,597,668 is infringed by Defendant BestMed.

    b. Defendant BestMed did not actively induce any infringement of any asserted claim of the '668 Patent.

    c. Defendant BestMed did not contribute to any infringement of any asserted claim of the '668 Patent.

    d. Each asserted claim of Plaintiff Medisim's U.S. Patent No. 7,597,668 is invalid for nonenablement under 35 U.S.C. § 112.

    e. Each asserted claim of Plaintiff Medisim's U.S. Patent No. 7,597,668 is invalid for anticipation under 35 U.S.C. § 102.

    f. Each asserted claim of Plaintiff Medisim's U.S. Patent No. 7,597,668 is invalid for obviousness under 35 U.S.C. § 103.

    g. Each asserted claim of Plaintiff Medisim's U.S. Patent No. 7,597,668 is invalid for lack of written description under 35 U.S.C. § 112.

    h. Plaintiff Medisim's United States Copyright Registration No. TX0007008851 is not infringed by Defendant BestMed.

    i. Defendant BestMed is co-owner of United States Copyright Registration No. TX0007008851.

  j. Defendant BestMed is entitled to costs of this suit and reasonable attorneys' fees incurred in connection with defense of this action.

  k. This case is exceptional pursuant to 35 U.S.C. § 285 and Defendant BestMed is entitled to an award of its reasonable attorneys' fees incurred in this action.

  l. Defendant BestMed is entitled to such other and further relief as the Court deems just and proper.

Defendant sought relief on the following additional contentions, and the Court dismissed the claims concerning these contentions during summary judgment. Accordingly, Defendant will not seek relief at trial concerning the following contentions:

  a. Plaintiff Medisim engaged in inequitable conduct in acquiring U.S. Patent No. 7,597,668.

7. ISSUES OF LAW:

Plaintiff's Position

1. Whether BestMed is liable for infringement (direct infringement, contributory infringement, and/or induced infringement) of claims 1, 8-12, 15, 19, 21, 27, 32, or 35-37 of U.S. Patent No. 7,597,668 ("the '668 patent").

2. Whether BestMed is able to show, by clear and convincing evidence, that any of the claims of the '668 patent are invalid.

3. Whether BestMed has willfully infringed claims 1, 8-12, 15, 19, 21, 27, 32, or 35-37 of the '668 patent.

4. Whether Medisim is entitled to provisional damages. This Court has already determined that the claims of the '710 application (the published application that gave rise to the '668 Patent) are substantially identical to those of the '668 Patent. *See* Dkt. 123 at 50.

5. Whether BestMed infringed a copyright owned by Medisim, and whether Medisim is entitled to actual damages and/or injunctive relief with regard to its copyright infringement claim.

6. Whether BestMed has engaged in unfair competition in violation of New York common law.

7. Whether BestMed has been unjustly enriched at Medisim's expense in violation of New York common law.

8. Whether Medisim is entitled to the relief that it seeks.

Defendant's Position

9. BestMed does not infringe, directly or indirectly, any of claims 1, 8-12, 15, 19, 21, 27, 32, or 35-37 of U.S. Patent No. 7,597,668 ("the '668 patent").

10. The aforementioned claims of the '668 patent are invalid.

11. BestMed has not willfully infringed claims 1, 8-12, 15, 19, 21, 27, 32, or 35-37 of the '668 patent.  The law requires that the Judge, and not the jury, make an determination of whether BestMed acted objectively reckless with regard willful infringement.

12. The claims of the '668 Patent are not substantially identical to the published claims of the '710 application (the published application that gave rise to the '668 Patent) such that Medisim is entitled to provisional rights.

13. BestMed does not infringe any copyright owned by Medisim

14. Medisim is not entitled to actual damages and/or injunctive relief with regard to its copyright infringement claim.

15. BestMed has not engaged in unfair competition in violation of New York common law.

16. BestMed has not been unjustly enriched at Medisim's expense in violation of New York common law.

17. BestMed is entitled to the relief that it seeks.

8. <u>SEPARATE TRIAL OF ISSUES:</u>

Plaintiff and Defendant do not believe that the Court should conduct separate trials for this matter.

9. <u>LISTS OF PROSPECTIVE WITNESSES:</u>

Plaintiff intends to call the following witnesses during trial:

| Witness Name | General Subject Matter Areas of Witness's Testimony |
|---|---|
| Moshe Yarden (will testify in person) | The invention of the '668 patent and the development of Medisim's products; technical issues concerning Medisim and the products at issue; dealings between Medisim and BestMed; the marketplace for thermometers; Medisim's injuries |
| John Wilson (will testify in person) | The marketplace for thermometers; information that relates to Medisim's injuries |
| Stan Cohen (will testify in person) | Information relating to operation of BestMed, BestMed's business dealings with K-Jump, sale and distribution of the accused devices, past business dealings between BestMed and Medisim, and offers for sale as well as sales of the accused devices in the United States among other topics |
| Mike Edmonds (will testify in person) | Information relating to operation of BestMed, BestMed's business dealings with K-Jump, sale and distribution of the accused devices, past business dealings between BestMed and Medisim, and offers for sale as well as sales of |

8

|  | the accused devices in the United States among other topics |
|---|---|
| Yen-Ming (Emory) Hsu (Deposition) | Technical issues concerning the accused devices and digital thermometers in general; K-Jump's business dealings with BestMed, and any other topics covered during his deposition. |
| Daniel C.M. Tseng (Deposition) | Information relating to design, manufacture and operation of BestMed's accused devices; technical issues concerning the accused devices; K-Jump's business dealings with BestMed, general business issues relating to K-Jump, and any other topics covered during his deposition. |

Defendant's proposed witness list for trial is listed as follows:

| Stan Cohen (Live) | BestMed's general business relationships; dealings between BestMed and Medisim; dealing with K-Jump; the marketplace for and distribution of thermometers. |
|---|---|
| Mike Edmonds (Live) | BestMed's general business relationships; dealings between BestMed and Medisim; dealing with K-Jump; the marketplace for and distribution of thermometers. |
| Yen-Ming (Emory) Hsu (Deposition) | Technical issues concerning of the accused product and digital thermometers; |
| Daniel C.M. Tseng (Deposition) | Technical issues concerning of the accused product; general business issues relating K-Jump. |
| Moshe Yarden (Live) | Medisim's general business practices and relationship dealings; Medisim's dealings with K-Jump; Medisim's dealings with BestMed; general marketplace for digital thermometers |
| John B. Wilson (Live) | Medisim general business practices and relationship dealings; Medisim U.S.A.'s generaly business practices and relationship dealings; the marketplace for thermometers. |
| Sorin Teich (Deposition) | Medisim's general business practices and relationship dealings; Medisim's dealings with K-Jump; Medisim's dealings with BestMed; general marketplace for digital thermometers. |
| Michele Michaeli (Deposition) | Medisim's general business practices and relationship dealings; Medisim's dealings with |

9

|  | K-Jump; Medisim's dealings with BestMed; general marketplace for digital thermometers. |

The parties intend to address how designated deposition testimony should be used at trial and whether witnesses will be called to the stand multiple times during the final pretrial conference.  Medisim intends to include live testimony from Mr. Cohen and Mr. Edmonds in the manner that is most aligned with the Court's preferences.

10. <u>EXPERT WITNESSES</u>:

Plaintiff intends to call the following expert witnesses during trial:

| **Expert Witness Name** | **General Subject Matter Areas of Expert Witness's Testimony** |
|---|---|
| David Lipson, Ph.D. | Infringement of the '668 patent; validity of the claims of the '668 patent |
| Andrew W. Carter | Medisim's entitlement to and amount of damages. |

Defendant intends to call the following expert witnesses during trial:

| **Expert Witness Name** | **General Subject Matter Areas of Expert Witness's Testimony** |
|---|---|
| Jack Goldberg | Noninfringement of the '668 patent; invalidity of the claims of the '668 patent; availability of non-infringing substitutes in the marketplace; creation and technological aspects thermometers. |
| Robert McSorley | Response and analysis of Medisim's entitlement to and amount of damages. |

11. <u>EXHIBITS</u>:

    A.    Plaintiff's Exhibit List (with Defendant's objections) is attached hereto as **Exhibit B.**

    B.    Defendant's Exhibit List (with Plaintiff's objections) is attached hereto as **Exhibit C.**

    C.    Defendant's Supplemental Exhibit List is attached hereto as **Exhibit D**. Defendant first disclosed this list to Medisim on January 10, 2013, after the parties' agreed upon date for the exchange of exhibit lists. At a minimum, Medisim objects to the disclosure of these exhibits as untimely and does not consent to the presentation at trial of the exhibits solely disclosed on Exhibit D. Medisim reserves the right to object to the exhibits disclosed on Defendant's Supplement Exhibit List on additional grounds. BestMed agrees that Medisim shall be permitted to object to these exhibits on additional bases at a later date.

12. <u>SUBSEQUENT AMENDMENT OF WITNESS OR EXHIBITS LISTS</u>:

Absent the subsequent consent of all the parties hereto, or the issuance of a subsequent Order by this Court so permitting, no witnesses or exhibits shall be presented at the trial of this case other than those listed in paragraphs 9, 10 and 11 hereof.

13. <u>ESTIMATE OF TRIAL TIME</u>:

The parties anticipate that this matter will be tried in seven court trial days. The parties believe that voir dire and opening statements will be completed in one day; that the parties will present their respective cases over the course of five days, and that closing arguments and the charging of the jury will be completed over the course of one day or less.

11

14. <u>PREVIOUS SUBSTANTIVE MOTIONS:</u>

The following substantive motions have been presented to the Court:

| Motion | Status/Disposition |
|---|---|
| BestMed's Motion To Transfer Venue Pursuant To 28 U.S.C. §1404(a) | Denied by the Court on July 7, 2010 |
| BestMed's Verbal Motion to File an Amended Answer and Counterclaim | Granted by the Court on April 5, 2011 |
| Defendant's Motion to File a Second Amended Answer, Affirmative Defenses, and Counterclaims | Granted by the Court on July 12, 2011 |
| Medisim's Motion Request to File an Amended Complaint | Denied by the Court on October 6, 2011 |
| BestMed's Motion to Strike Portions of Plaintiff's Experts, Lipson and Keegan | Denied in part and granted in part by the Court on March 6, 2012 |
| Medisim's Motion to Strike Defendant's proposed Expert Jack Goldberg or, in the Alternative, to Strike Portions of Goldberg's Report | Denied in part and granted in part by the Court on March 6, 2012 |
| Medisim's Motion for Reconsideration of the Court's March 6, 2012 Order | Denied in part and granted in part by the Court on April 23, 2012 |
| Medisim's Motion for Summary Judgment of No Inequitable Conduct | Granted by the Court on November 28, 2012 |
| BestMed's Motion for Summary Judgment | Denied in part and granted in part by the Court on November 28, 2012 |

Medisim also filed a motion for attorney fees and costs based on BestMed's vexatious filing of certain summary judgment motions in bad faith that was denied without prejudice and with leave to renew after the trial has concluded.

ME1 14656561v.1

15.     REQUESTED EVIDENTIARY RULINGS:

The parties will exchange their objections regarding their exhibit lists, proposed demonstrative exhibits, and deposition designations before trial.  The parties will seek evidentiary rulings concerning these materials prior to trial if necessary.

16.     JURY VERDICT:

Plaintiff's Position:

The parties recommend that the Court empanel nine jurors to allow for a jury of six plus three alternates.

Defendant's Position:

The parties recommend that the Court empanel ten jurors to allow for a jury of eight plus two alternates. The jury verdict must be unanimous as previously determined by the Court.

17.     DESCRIPTION OF THE CASE, PROPOSED VOIR DIRE QUESTIONS AND REQUESTS TO CHARGE:

The parties' proposed descriptions of the case to be provided to the venire and joint proposed Voir Dire questions and are attached as **Exhibit E**.

The parties' proposed Requests to Charge that are agreed upon are attached as **Exhibit F.**

BestMed's proposed Jury Questionnaire is attached as **Exhibit G.**  Medisim objects to this questionnaire as it is unnecessary.  Medisim believes that Voir Dire questioning, by itself, is sufficient.

The parties do not completely agree as to the use of Requests to Charge and Voir Dire questions in this case.  Medisim believes that the proposed Voir Dire questions jointly agreed to by the parties are sufficient.  BestMed believes that additional Voir Dire questions are warranted.  Furthermore, although the parties agree on some of the Requests to Charge that should be presented to the jury, but disagree as to other Charges.

13

Medisim's proposal regarding additional Requests to Charge is attached as **Exhibit H.**

BestMed's proposal regarding additional Requests to Charge is attached as **Exhibit I.**

BestMed's proposal regarding additional Voir Dire questions is attached as **Exhibit J.**

IT IS FURTHER ORDERED that any objections to another party's Voir Dire questions or Requests to Charge shall be submitted to the Court no later than January 16, 2013. Objections to Voir Dire questions or Requests to Charge, which must include citation to authority, may be penned in the margin of a copy of the adversary's Requests.

18. ADDITIONAL AGREEMENTS:

- The parties have agreed to exchange deposition designations on December 28, 2012.

- The parties have agreed to meet and confer on a mutually agreeable date to exchange deposition counter-designations and objections, but in no event later than January 9, 2013.

- The parties have agreed to meet and confer regarding their objections concerning such designations on January 16, 2013.

- The parties have agreed to notify the Court regarding any remaining disputes concerning such designations on January 17, 2013.

- The parties have agreed to exchange demonstratives on January 23, 2013 by 1 PM EST.

- The parties have agreed to exchange objections regarding demonstratives on January 24, 2013 by 1 PM EST.

- The parties have agreed to meet and confer regarding their objections to these demonstratives on January 24, 2013.

14

- The parties have agreed to notify the Court regarding any remaining disputes concerning these demonstratives on <u>January 25, 2013</u>.

- The parties have agreed to give each other notice of the order of trial witnesses on <u>January 25, 2013</u> while reserving the right to modify the order of witnesses if necessary.

19. **MEDIATION:**

The parties engaged in mediation proceedings before Magistrate Judge Ellis on two separate occasions. To date, the parties' attempts at mediation have not been fruitful.

20. **ADDITIONAL COMMENTS**:

The parties do not agree on the format of the verdict sheet.

Medisim's proposed verdict sheet is attached as **Exhibit K**.

BestMed's proposed verdict sheet is attached as **Exhibit L**.

Any objections to the opposing party's proposed verdict sheet shall be submitted to the Court no later than <u>January 16, 2013</u>.


SO ORDERED:

Dated: _____ New York, New York

_____
SHIRA A. SCHEINDLIN
United States District Judge

CONSENTED TO:

/s/Keith J. McWha
Attorney for Plaintiff

/s/Joseph M. Kuo
Attorney for Defendant

ME1 14656561v.1